JPME

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**Alejandro Jaime CAMPOS (D1)**<br>and<br>**Flavio SIMON-Hernandez (D2)**<br>Defendants. | Magistrate Case No. '08 MJ 0859<br>COMPLAINT FOR VIOLATION OF<br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Alien(s)<br>Without Presentation<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation |

DEPUTY

The undersigned complainant being duly sworn states:

**Count I**

On or about **March 17, 2008**, within the Southern District of California, defendant **Alejandro Jaime CAMPOS (D1)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Flavio SIMON-Hernandez (D2)**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

**Count II**

On or about **March 17, 2008**, within the Southern District of California, defendant **Flavio SIMON-Hernandez (D2)**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 19TH day of **March, 2008.**

UNITED STATES MAGISTRATE JUDGE

SPWG

**PROBABLE CAUSE STATEMENT**

On March 17, 2008, at about 11:35 PM., **Alejandro Jaime CAMPOS (D1)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a Cadillac Deville. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 presented his California driver license and California birth certificate as proof of identity and citizenship. D1 gave a negative customs declaration, stating he was not bringing anything and that he intended to travel into the United States to attend work at an Exxon gasoline station. The CBP Officer received a computer generated referral and subsequently escorted the vehicle and D1 to secondary for further inspection.

In secondary, an inspection of the vehicle revealed one male concealed inside a speaker box located in the trunk of the vehicle. The speaker box had been reconstructed to create a hollow space to conceal a person. Entrance into the special built compartment was accessed through the rear seat of the vehicle. The concealed male was determined to be a citizen of Mexico without legal documents to enter the United States and is now identified as **Flavio SIMON-Hernandez (D2)**.

D2 was queried by 10-digit fingerprints submission and photograph comparison through the Automated Biometric Identification System (IDENT) and Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query, linking D2 to FBI and Immigration Service records, and identifying him as a citizen of Mexico who has been previously deported.

Immigration service records including the Deportable Alien Control System (DACS) identified D2 as a previously deported alien. DACS information indicates that D2 was ordered deported and removed from the United States by an Immigration Judge on or about April 17, 1995. Immigration Service records contain no evidence that D2 has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, D2 was advised of his Miranda rights. D2 acknowledged his rights and agreed to answer questions without benefit of counsel. D2 admitted he is a citizen of Mexico by birth in Oaxaca, Mexico. D2 admitted he does not have legal documents to enter into the United States. D2 admitted he made arrangements with an unknown female and agreed to pay $3,000.00 USD to be smuggled into the United States. D2 admitted he has been previously deported from the United States and has not applied for or received permission from the United States government to legally re-enter the United States. D2 admitted that he intended to enter the United States to resume living and working in Los Angeles, California.